# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOHN M. CEBULA, as trustee of the JOHN M.
CEBULA REVOCABLE TRUST,

        Plaintiff/Counter-Defendant-
        Appellee,

and

JOHN M. CEBULA, individually, and CHERYL
A. CEBULA,

        Third-party Defendants-Appellees,

v

M. RHOADES CONSTRUCTION COMPANY,
MICHAEL RHOADES, RHOADES
CONSTRUCTION, and RHOADES
CONSTRUCTION COMPANY,

        Defendant/Counter-Plaintiffs/Third-
        party Plaintiffs-Appellants.

UNPUBLISHED
September 29, 2015

No. 321791
Branch Circuit Court
LC No. 12-030131-CZ

---

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

MARKEY, J., (*dissenting*).

I respectfully dissent from the majority's conclusion that the trial court erroneously awarded plaintiff mediation sanctions. I believe the trial court analyzed the situation correctly both factually and legally, so I would affirm.

Admittedly, this case presents factually so that the completely capable and bright members of this panel have had to intellectually stand on their heads to reach our respective conclusions.

The majority has aptly and accurately set forth the law. It is with its factual conclusions—upon which, of course, the law must be applied—that I disagree.

-1-

Patently, and frustratingly, the mediation panel that heard this case elected to reduce its evaluation to a very succinct $25,000 to plaintiffs notwithstanding defendants' counter and third-party claims. Although it would have been very helpful had the panel elaborated a bit more, the simple fact is nothing was awarded to any party but plaintiffs. Defendants had counter-claimed against plaintiffs for $18,913.63 in unpaid construction bills incurred pursuant to their building contract. It is, however, not proper for us to speculate or assume what the mediators were thinking or meant to accomplish. They merely awarded $25,000 to plaintiffs. So, to be entitled to mediation sanctions, at trial, plaintiffs needed to better their position by 10%. I believe they did; consequently, the trial court properly awarded them.

This case was tried before the judge in a bench trial. On October 11, 2013, in its written Judgment pursuant to MCR 2.602 and referencing the bench trial and July 31 Opinion and Order, the court *specifically* stated that plaintiffs sustained damages "…in the sum of Thirty One Thousand Eight Hundred Twenty-Nine and no/100ths Dollars ($31,829.00) of which Plaintiff rightfully withheld payment to Defendants the sum of … ($18,913.63) leaving a cash balance due to plaintiffs of $12,905.37 plus attorney fees and costs to be taxed in favor of plaintiff. The Judgment explicitly no causes defendants and orders them to remove, dismiss and fully discharge a certain "Claim of Lien recorded…and pertaining to the land and structure at issue in the…" cause of action.

The trial court's factual findings relieved plaintiffs of the $18,913.63 defendants had charged them and further awarded another $12,905.37. Most importantly, and what warrants repeating, is that it awarded defendants nothing. Nor does the court even mention any debt owed defendants, and the Judgment did not contemplate in any respect the satisfaction of any debt owed to defendant. To the contrary, the Judgment *relieved* plaintiffs of any financial obligations they may have owed defendants had the building contract been properly fulfilled, i.e., fully and in a workmanlike manner. When read in context and in its entirety, the court's judgment clearly indicates that plaintiffs' damages were $31,829. Relieving them of the $18,913.63 bill defendants asserted, awarding them additional cash of $12,905.37 and giving nothing to defendants yet requiring defendants to immediately remove the construction lien appears to be the court's way of accounting or simply calculating a fair and relevant award: Plaintiffs, keep $18,913.63 in your pocket, and put in another $12,905.31 for the rest of the damages you suffered.

I think the majority's analysis runs awry when it concluded:

By crediting $18,913.63 against the amount defendants owed plaintiff, the trial court awarded defendants that which they were owed, thereby discharging the debt that was secured by the construction lien.

Indeed, although the amount defendants were claiming for against plaintiffs *is* the same as part of the $31,829 the trial court awarded plaintiffs, the majority's statement that "…the trial court awarded defendants that which they were owed, thereby discharging the debt secured by the construction lien[.] is *totally* contrary to the court's own findings and the wording of the Judgment: The court found no cause for action on defendants' counter-claims and ordered the construction lien removed immediately. The fact that the court chose $18,913.63 is not likely coincidence, but rather an amount that was relevant and reflective of some of the damages

plaintiffs incurred. In any event, the record provides no support for any contention that the trial court or the mediators did or intended to award defendants any amount of money.

Consequently, plaintiffs' award entitled them to the mediation sanctions the trial court awarded, and I would affirm.

/s/ Jane E. Markey